PETROPLUS, JUDGE:
The facts of this claim are as follows:
On April 20, 1968, Lewis R. Ramey, a licensed horse trainer at the Charles Town Race Track, fell from a horse and sustained a fracture of his neck. He was hospitalized at the Fairfax County Hospital in Fairfax, Virginia, and incurred expenses in the amount of $4,539.64 for hospitalization and medical services. Although he had a hospitalization policy with the Horsemen’s Mutual Insurance Company, it was disclosed by the evidence that no benefits were payable under said policy.
The payment of the bill was recommended by the West Virginia Racing Commission in July, 1970, from a Special Fund established by the West Virginia racing law. The State Auditor refused to approve the bill for payment as it exceeded the limit imposed by the budget law, and an effort to collect the bill was again refused for the subsequent fiscal year for the same reason. The Special Fund represents license fees and fines collected under the racing laws of the State of West Virginia, and the funds available for payment are included in the budget bills passed by the Legislature and are treated as an appropriation. It appeared from a letter, dated March 1, 1972, signed by Harry L. Buch, Chairman of the West Virginia Racing Commission, that the Special Fund for the year in which the bill was incurred was transferred to the General Revenue Fund of the State, and *115 had the bill been submitted in a timely manner, funds would have been available for its payment.
The respondent has filed an answer joining in the prayer of the claimant for the allowance of the claim.
At the hearing it developed that under the State law any amount over $5,000.00 remaining in the Fund for any fiscal year was to be transferred to the State Treasury.
The West Virginia racing law, Chapter 19, Article 23, Section 1, et seq., requires permits and licenses for race track employees and creates a Special Fund consisting of permit fees, registration fees, and fines imposed by the racing officials. Section 14 of the Act designates said Fund as a relief fund which shall be disbursed on the order of the Racing Commission for hospitalization, medical care and funeral expenses occasioned by injuries or death resulting from accidents sustained by any permit holder while in the discharge of his duties under the jurisdiction of the Racing Commission. No payment from the Fund shall be made if the permit holder is covered under Workmen’s Compensation or any insurance policy. Any balance remaining in the relief fund in excess of $5,000.00 shall be transferred by the Racing Commission to the State Treasurer for deposit to the General Revenue Fund of the State.
Since the State has received the benefit of the excess relief funds, which should have been applied to the payment of this claim, and the Special Fund is pledged for the payment of hospitalization for the relief of race track personnel, it is the conclusion of this Court that the State has a moral obligation to make payment to the claimant in this case. In legal effect, the claim is not paid from State funds but from fees paid into the Fund by the horsemen themselves, although the Fund is under the supervision of the State Auditor and the State Treasurer.
The claim is approved for payment under the advisory determination procedure of the Claims Act (Code, Chapter 14), or as a claim against the State of West Virginia to be paid from the next appropriation of funds by the Legislature for payment of moral obligations of the State.
Claim allowed in the amount of $4,539.64.